IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| SEAN OWENS and MELINDA BEAN on behalf of themselves and all other similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CARRIER CORPORATION,<br><br>Defendant. | Case No. _____<br><br>**CLASS ACTION COMPLAINT AND JURY TRIAL DEMAND** |

Plaintiffs Sean Owens and Melinda Bean ("Plaintiffs") on behalf of themselves and a class of those similarly situated, by way of Complaint against Carrier Corporation ("Defendant") by and through their counsel allege as follows:

## NATURE OF THE ACTION

1. This is a civil action for collection of unpaid wages and benefits for sixty (60) calendar days pursuant to the Worker Adjustment and Retraining Notification Act of 1988, 29 U.S.C. §§ 2101-2109 et. seq. and its Tennessee counterpart (TCA 50-1-601) (collectively the "WARN Act"). Carrier Corporation ("Carrier" or the "Defendant",) is liable under the WARN Act for the failure to provide the Plaintiffs and the other similarly situated former employees at least 60 days' advance notice of their termination, as required by the WARN Act.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1331 and 29 U.S.C § 2104 (a)(5).

3. The Facility at which the Plaintiffs and other similarly situated employees worked was located in this district.

4. Venue in this Court is proper pursuant to 29 U.S.C. § 2104(a)(5).

## THE PARTIES

5. Plaintiffs Sean Owens and Melinda Bean were employed by Carrier until their terminations and worked at a facility located at 97 South Byhalia Road, Collierville, TN 38017 (the "Facility") until their terminations.

6. Upon information and belief, at all relevant times, Defendant Carrier was a Tennessee corporation with a facility at 97 South Byhalia Road, Collierville, TN 38017.

7. In or about July 21, 2007 through August 15, 2007, the Plaintiffs and all similarly situated employees worked at or reported to the Facility.

8. Plaintiffs and other similarly situated employees' employment was terminated as part of a mass layoff as defined by 29 U.S.C. § 2101 (b), for which they were entitled to receive 60 days advance written notice under the WARN Act.

9. At or about the time the Plaintiffs were terminated, approximately 800 other similarly situated employees at the Facility were terminated.

10. Pursuant to 29 U.S.C. § 2101 (a)(2), (3), the Plaintiffs maintain this action on behalf of themselves and on behalf of each of the other similarly situated former employees.

11. Each of the other similarly situated former employees is similarly situated to the Plaintiffs in respect to his or her rights under the WARN Act.

12. Defendant was required by the WARN Act to give the Plaintiffs and the other similarly situated former employees or their representatives at least 60 days advance written notice of their respective terminations.

13. Prior to their termination, neither the Plaintiffs nor the other similarly situated former employees or their representatives received written notice that complied with the requirements of the WARN Act.

14. Defendant failed to pay the Plaintiffs and the other similarly situated former employees their respective wages, salary, commissions, bonuses, accrued holiday pay vacation which would have accrued for sixty (60) days following their respective terminations without notice and failed to make 401(k) contributions and provide them with health insurance coverage and other employee benefits.

15. Plaintiffs sue under Rule 23(a) and (b) of the Federal Rules of Civil Procedure, on behalf of themselves, and a class of employees who worked at or reported to the Defendant's Facility and were laid off without cause on or about July or August 2007, and were subsequently permanently terminated on or about September 13, 2007.

16. The persons in the Class identified in Paragraph 15 above ("Class Members") are so numerous that joinder of all members is impracticable.

17. There are questions of law and fact common to the Class Members that predominate over any questions affecting only individual members.

18. The claims of the representative parties are typical of the claims of the Class.

19. The representative parties will fairly and adequately protect the interests of the class.

20. The Plaintiffs have retained counsel competent and experienced in complex class action employment litigation.

21. A class action is superior to other available methods for the fair and efficient adjudication of this controversy—particularly in the context of WARN Act litigation, where

individual plaintiffs and class members may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.

22. There are questions of law and fact common to the Class Members that predominate over any questions solely affecting individual members of the Class, including but not limited to:

(a) Whether the Class Members were employees of Defendant's who worked at or reported to Defendant's Facilities;

(b) Whether the Defendant ordered termination of employment of the Class Members without cause on their part and without giving them or their representative 60 days advance written notice as required by the WARN Act; and

(c) Whether the Defendant was subject to any of the defenses provided for in the WARN Act.

## CLAIM FOR RELIF

23. At all relevant times, the Defendant employed 100 or more employees, exclusive of part-time employees, or employed 100 or more employees who in the aggregate worked at least 4,000 hours per week exclusive of hours of overtime within the United States as defined by 20 U.S.C. § 2101 of WARN, employed more than 50 employees at the Facility.

24. At all relevant times, the Defendant was an "employer," of the Class Members as that term is defined in 29 U.S.C. § 2101(a)(1) of WARN and 20 C.F.R. § 639.3(a).

25. During the period between July and September, 2007 the Defendant ordered a "mass layoff," as that term is defined by 29 U.S.C. § 2101(b).

26. Defendant's actions at the Facility resulted in an "employment loss" as that term is defined by 29 U.S.C. §2101(a) for at least 33% of its workforce, and at least 50 of its employees, excluding (a) employees who worked less than six of the twelve months prior to the date WARN notice was required to be given and (b) employees who worked an average of less than 20 hours per week during the 90-day period prior to the date WARN notice was required to be given.

27. Defendant's termination of the Class Members' employment constituted a mass layoff as defined by 29 U.S.C. § 2101 of WARN and a "reduction in operation" as defined by § 50-1-(2)f the Tennessee WARN Act.

28. The Plaintiffs and each of the Class Members who were employed by Defendant and then terminated by Defendant as a result of Defendant's executing a mass layoff at the Facility were "affected employees" as defined by 29 U.S.C. § 2101 of WARN.

29. The Plaintiffs and each of the Class Members are "aggrieved employees" of the Defendant as that term is defined in 29 U.S.C. § 2101 (a)(7).

30. Pursuant to Sections 2102 of WARN and 20 C.F.R. § 639.1 - § 639.10 et. seq., Defendant was required to provide at least 60 days prior written notice of the termination, or notice as soon as practicable, to the affected employees, explaining why the sixty (60) days prior notice was not given.

31. Defendant failed to give at least sixty (60) days prior notice of the termination in violation of WARN.

32. The Defendant failed to pay the Plaintiffs and each of the Class Members their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for 60 working days following their respective terminations, and failed to make the pension and

401(k) contributions, provide other employee benefits under ERISA, and pay their medical expenses for 60 calendar days from and after the dates of their respective terminations.

33. As a result of Defendant's failure to pay the wages, benefits and other monies as asserted in Paragraph 32, the Aggrieved Employees were damaged in an amount equal to the sum of the members' unpaid wages, accrued holiday pay, accrued vacation pay, accrued sick leave pay and benefits which would have been paid for a period of sixty (60) calendar days after the date of the members' terminations.

34. WHEREFORE, the Plaintiffs and Class Members demand judgment against the Defendant as follows:

a. An amount equal to the sum of: unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay pension and 401(k) contributions and other ERISA benefits, for sixty (60) working days following the member employee's termination, that would have been covered and paid under the then applicable employee benefit plans had that coverage continued for that period, all determined in accordance with the WARN Act, 29 U.S.C§2104(a)(1)(A);

b. Certification that, pursuant to Fed. R. Civ. P. 23 (a) and (b) and the WARN Act, 29 U.S.C §2104(a)(5), Plaintiffs and the Other Similarly Situated Former Employees constitute a single class;

c. Interest as allowed by law on the amounts owed under the preceding paragraphs;

d. The reasonable attorneys' fees and the costs and disbursements the Plaintiffs incur in prosecuting this action, as authorized by the WARN Act, 29 U.S.C. §2104(a)(6); and

   e. Such other and further relief as this Court may deem just and proper.

Dated: May 22, 2008

     /s/ J. Gerard Stranch, IV
     J. Gerard Stranch, IV, BPR # 023045
     James G. Stranch, III, BPR #002542
     Joe P. Leniski, BPR #022891
     BRANSTETTER, STRANCH
      & JENNINGS, PLLC
     227 Second Avenue North, Fourth Floor
     Nashville, TN 37201
     P: (615) 254-8801
     F: (615) 250-3937

     Stuart J. Miller (SJM 4276)
     LANKENAU & MILLER, LLP
     132 Nassau Street, Suite 423
     New York, NY 10038
     P: (212) 581-5005
     F: (212) 581-2122

     Mary E. Olsen
     M. Vance McCrary
     J. Cecil Gardner
     THE GARDNER FIRM
     1119 Government Street
     Post Office Drawer 3103
     Mobile, AL  36652
     P: (251) 433-8100
     F: (251) 433-8181

     Cooperating Counsel for
     THE NLG MAURICE AND JANE SUGAR
     LAW CENTER FOR ECONOMIC AND
     SOCIAL JUSTICE, a non-profit law firm
     733 St. Antoine, 3rd Floor
     Detroit, Michigan 48226
     P: (313) 962-6540

     *Attorneys for Plaintiffs*